## CAPARELLA *v.* STATE

[No. 22, September Term, 1957.]

356

*Decided October 21, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*James T. Clark,* for appellant.

*Stedman Prescott, Jr., Deputy Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *C. Orman Manahan, State's Attorney for Howard County,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was indicted in Howard County on a charge of escaping from Patuxent Institution on August 18, 1956, where he had been detained and confined as a defective delinquent, as defined in Code (1951), Art. 31B, sec. 5. After a motion to dismiss was overruled, the appellant pleaded not guilty, elected a trial by the court, was found guilty and sentenced to serve five years in the Maryland Penitentiary. The appeal raises only questions of law, whether the escape statute, Code (1951), Art. 27, sec. 164, applies to Patuxent Institution, and whether it is so vague and uncertain as to render any indictment thereunder invalid and unconstitutional.

Code (1951), Art. 27, sec. 164, provides that "If any offender or person legally detained and confined in the Penitentiary, or Jail, or House of Correction, or Reformatory, or Station House, or any other place of confinement, in this State, shall escape," he may "be sentenced to confinement in the Penitentiary, Jail or House of Correction for such additional period, not exceeding ten years, as the Court may adjudge. * * *." We held in *Baker v. State,* 205 Md. 42, that the section covered an escape from Boys' Village, although the commitment was not for a criminal offense. Stress was laid on the history of the institution now known as Boys' Village, to show the probable legislative intent to include it under the category of reformatory, and upon the use of the words "offender" or "person legally detained and confined", in the alternative. Patuxent Institution is neither a prison, a hospital nor an insane asylum, but exercises some of the functions of all three, as we noted in *Eggleston v. State,* 209 Md. 504, 513. It is of some significance that the Patuxent Institution, under Code (1951), Art. 31B, sec. 4, was placed "within the General Administrative Control and supervision of the Board of Correction", although not described as a penal

institution or assigned a place in the Code under Article 27. It is also significant that by definition, a defective delinquent is one who has a propensity toward anti-social or criminal behavior, as demonstrated by a conviction for one or more criminal offenses. The purpose of the defective delinquent law is not to punish, but to confine a person of criminal tendencies as an actual danger to society, which is one of the chief purposes of the criminal law. We think Patuxent Institution is a place of confinement sufficiently analogous to a reformatory, which also holds out a hope of rehabilitation, so as to fall within the phrase "other place of confinement".

The appellant argues that the words "such additional period", refer to a previous conviction then outstanding, and not to commitment to Patuxent Institution for an indefinite period. A similar contention was answered in *Baker v. State, supra* (p. 47), where it was said: "The words 'sentenced to confinement * * * for such additional period * * * as the court may adjudge * * *' refer primarily to cases where a previous period of confinement has been fixed, but it does not follow that the imposition of a sentence for escape from confinement in the places enumerated is contingent upon a previous sentence. In the instant case, the commitments [as juvenile delinquents] were indeterminate and subject to further order of court, which might run until the persons committed severally reached the age of twenty-one years. We think the sentences have the effect of setting aside these commitments and run from the date of sentence." In the instant case, it appears that the accused had been originally sentenced to one year in the State Reformatory for Males on a burglary charge, and while serving that sentence was committed as a defective delinquent to the Patuxent Institution. He served out his one year sentence at Patuxent before his escape, but he still remained committed to Patuxent for an indefinite period as a defective delinquent. Under these circumstances, we think the conviction for escape would not supplant the commitment to Patuxent Institution, as in the *Baker* case where the commitment was subject to further order of court. It is clear, at least under the amendments of Chapter 762, Acts of 1957, that the person committed re-

ceives full credit against a sentence for the time spent in the Patuxent Institution for examination or otherwise. We see no reason why this should not apply to a subsequent criminal conviction as well as an earlier one. We find in these amendments a clear indication of a legislative intent to treat confinement in Patuxent Institution as on all fours with confinement in the places specifically enumerated in the escape statute.

Since we hold that Patuxent Institution is a "place of confinement" fairly within the scope of the escape statute, the argument that it is too vague or uncertain to be constitutionally valid falls to the ground. The indictment clearly charged the offense of escaping from Patuxent Institution on the date mentioned, and did not fail to apprise the accused of the offense charged. Cf. *Martin v. State,* 203 Md. 66, 77. We leave open any questions suggested in the appellant's brief, as to the possible application of the escape statute to hospitals or insane asylums.

*Judgment affirmed, with costs.*